UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAROLD R. WILES,

    Plaintiff,

vs.                                                      CASE NO. 8:07-cv-1602-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## ORDER AND OPINION

This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number).

Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the undersigned in making his determinations. Accordingly, the matter has been decided on the written record. The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. For the reasons set out herein, the Commissioner's decision is **REVERSED and REMANDED**.

## I. Procedural History

On May 15, 2003, Plaintiff applied for DIB and SSI, alleging disability beginning November 15, 1999 (Tr. 40-42, 250-52). Plaintiff subsequently amended his onset date of disability to January 1, 2003 (Tr. 298). On April 27, 2006, Plaintiff's claim was denied after a hearing before an administrative law judge (the "ALJ") (Tr. 17-24). On August 20, 2007, the Appeals Council denied Plaintiff's request for review (Tr. 5-7), making the ALJ's decision the final decision of the Commissioner. After exhausting his administrative remedies, Plaintiff now appeals pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

## II. Standard of Review

A plaintiff is entitled to disability benefits under the Social Security Act (the "Act") when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A).

For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520(a)(4)(i-v); 416.920(a)(4)(i-v)[1]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through Step 4, while

---

[1] All references made to 20 C.F.R. will be to the 2008 edition unless otherwise specified.

at Step 5 the burden temporarily shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by

substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove they suffer from disabling physical or mental functional limitations. 20 C.F.R. §§ 404.704; 416.912(c).

### III. Background Facts

Plaintiff was fifty one (51) years old on the date of the ALJ's decision, and possessed a ninth grade education (Tr. 268-69). Plaintiff's past work experience included work as a tax clerk,[2] saw operator, handyman, lawn service worker, and modular home inspector (Tr. 115, 269-70, 295). Plaintiff alleges he is disabled due to chronic obstructive pulmonary disease, a "heart condition," high blood pressure, and depression (Tr. 45).

After reviewing the evidence of record, the ALJ found Plaintiff retained the residual

---

[2] Plaintiff described this past work as a "bookkeeper"; however, the vocational expert ("VE") testified that Plaintiff actually performed said work as a "tax clerk," per the *Dictionary of Occupational Titles* (the "DOT") (Tr. 295); *see* United States Dep't of Labor, *Dictionary of Occupational Titles* §§ 210.382-014, bookkeeper; 219.487-010, tax clerk (4th Ed. 1991).

4

functional capacity ("RFC") to perform light work activity, but that he could not climb ropes, ladders, or scaffolds and could occasionally climb stairs, balance, stoop, crouch, kneel, crawl, and push or pull with his lower extremities (Tr. 20). The ALJ also found Plaintiff would require a sit, stand, and walk option and could not be exposed to moving machinery, unprotected heights, vibrations, uneven terrain, but could be minimally exposed to chemicals, dusts, fumes, gases, extreme humidity, heat, or cold (Tr. 20). Further, the ALJ found Plaintiff could not concentrate for more than one hour at a time followed by five minutes of reduced concentration due to his alleged depression (Tr. 20).

A vocational expert testified, and the ALJ found, that Plaintiff is capable of performing his "past relevant work" as a tax clerk (Tr. 24, 293-96). *See also* United States Dep't of Labor, *Dictionary of Occupational Titles* § 219.487-010 (4th Ed. 1991). Consequently, the ALJ determined that Plaintiff was not disabled at the fourth step of the sequential evaluation process (Tr. 24).

## IV. Analysis

Plaintiff argues that the ALJ erred by finding Plaintiff could return to his previous work as a tax clerk because, "it is clear that someone restricted to simple tasks (*i.e.* Plaintiff) would not be able to perform this [tax clerk] job" (Doc. #16 at 12). While the undersigned expresses no opinion regarding whether Plaintiff is, in fact, restricted to simple tasks, the undersigned finds there is evidence in the record to support that Plaintiff may be limited in his ability to understand and carry out detailed instructions (Tr. 185). To illustrate, on December 19, 2003, state agency consultative psychologist, Bruce F. Hertz, Ph.D ("Dr. Hertz"), filled out a Mental Residual Functional Capacity Assessment (Tr. 185-88), wherein he assessed Plaintiff's ability to understand and remember detailed instructions as

"moderately limited" (Tr. 185). This assessment is consistent with the findings of state agency psychologist, Steven Edney, Psy.D. ("Dr. Edney"), who–pursuant to a mental status examination–found Plaintiff's recent and remote memory was "poor"and that Plaintiff was "unable to recall current events and was also unable to recall three of three words after a several minute delay" (Tr. 162).

The ALJ, however, never addressed the aforementioned evidence regarding Plaintiff's poor memory and assessed moderate limitation concerning his ability to remember and follow detailed instructions (*see* Tr. 17-24, 185). Although, the ALJ found Plaintiff could not concentrate for more than one hour at a time followed by five minutes of reduced concentration due to his alleged depression (Tr. 20), in making an RFC assessment, the ALJ must consider all evidence in the case record. 20 C.F.R. §§ 404.1545, 416.945. Here, the undersigned is unable to determine whether the ALJ considered Plaintiff's poor memory and moderate difficulty in understanding and remembering detailed instructions.

Based on the foregoing, the undersigned finds the ALJ's failure to address Plaintiff's poor memory and assessed moderate limitation with regard to remembering and following detailed instructions constitutes reversible error because the ALJ found Plaintiff's depression to be a severe impairment (Tr. at 19) and the position of tax clerk requires the ability to understand and carry out detailed instructions. *See* United States Dep't of Labor, *Dictionary of Occupational Titles,* Vol. I, § 219.487-010; Vol. II, p.1011 (4th Ed. 1991) (the position of tax clerk involves reasoning at Level 3, which requires the ability to understand and carry out detailed instructions).

In addition, the undersigned finds the ALJ erred by finding Plaintiff's previous work as a tax clerk qualifies as "past relevant work," as such term is defined by the Act. To qualify as "past relevant work," such work must: (1) have been performed within the past fifteen (15) years; (2) have been performed long enough for the claimant to learn to do the job; and (3) have been substantial gainful activity. 20 C.F.R. §§ 404.1560(b); 404.1565; 416.960(b); 416.965. Plaintiff's testimony and his earnings record reveals that Plaintiff's job as a tax clerk was not substantial gainful activity because this job was only performed on a part-time basis, and the amounts earned by Plaintiff were insufficient to amount to substantial gainful activity. *See* 20 C.F.R. §§ 404.1572; 404.1574; 416.972; 416.974.

To illustrate, the record indicates Plaintiff worked as a tax clerk for "Better Business Services" from January 2001 until May 2001 (approximately five months) and then from January 2002 until March 2002 (approximately three months) (Tr. 57). Plaintiff also worked as a tax clerk for what he described as a "small comp[any]" from September 2001 until April 2002 (approximately eight months) (Tr. 78, 81). Although Plaintiff worked as a tax clerk for a total of, approximately, sixteen (16) months, Plaintiff only worked as a tax clerk for a few hours per week.[3] Consequently, the ALJ's flawed determination that Plaintiff's previous work as a tax clerk qualifies as "past relevant work" is especially significant, under the facts of this case, because Plaintiff's previous job as a tax clerk was the only past work the VE testified, and the ALJ found, Plaintiff could return to despite his limitations (Tr. 24, 293-96).

---

[3]Plaintiff worked at "Better Business Services" for ten (10) hours per week, at a pay rate of $5.50 per hour (Tr. 57). Plaintiff worked for what he described as a "small comp[any]" for sixteen (16) hours per week, at a pay rate of $5.25 per hour (Tr. 81).

7

Stated explicitly, regarding the first factor to qualify as "past relevant work," *supra*, it is clear Plaintiff performed said job within the past fifteen (15) years (Plaintiff performed the job of tax clerk during 2001 and 2002) (*see* Tr. 57, 78, 81). Regarding the second factor, it appears Plaintiff performed the job of tax clerk for a sufficient amount of time to learn to do the job (*see* Tr. 57, 78, 81, revealing Plaintiff performed the job of tax clerk for a total of, approximately, 768 hours). Regarding the third factor (that the prior work experience be "substantial gainful activity"), the undersigned finds Plaintiff's job as a tax clerk does not meet the minimum monthly earnings requirement, promulgated by the Regulations, to be considered substantial gainful activity. 20 C.F.R. §§ 404.1574; 416.974.

Specifically, the Regulations require that a claimant's monthly earnings meet a minimum amount in order to be considered substantial gainful activity. 20 C.F.R. §§ 404.1574; 416.974. Table 1 of the Regulations, which is based on earning guidelines, is used to assist the Commissioner in determining whether a claimant's past work constitutes substantial gainful activity. *See* 20 C.F.R. §§ 404.1574; 416.974. Table 1 provides, in relevant part, that, if a claimant worked during the period from January 1990 through June 1999, said person must have earned at least $500 per month for his or her work to be considered substantial gainful activity. 20 C.F.R. §§ 404.1574; 416.974. If that same individual worked during the period from July1999 through December 2000, that person must have earned at least $700 per month for his or her work to be considered substantial gainful activity. Table 1 is set forth, in pertinent part, below:

TABLE 1

| For months: | Your monthly earnings averaged more than: |
|---|---|
| January 1990–June 1999 | $500 |
| July 1999–December 2000 | $700 |

20 C.F.R. §§ 404.1574; 416.974.

Here, Plaintiff worked as a tax clerk during the period from, approximately, January 2001 through April 2002 (Tr. 57, 78, 81). Although this particular time frame is not specifically enumerated in Table 1, *supra*, the Regulations provide a mathematical formula for calculating such non-enumerated amounts, which are adjusted for national wadge growth. 20 C.F.R. §§ 404.1574; 416.974. During the time period in question (*i.e.* from January 2001 until April 2002) the record indicates Plaintiff never made more than $556 per month as a tax clerk (*see* Tr. 44, 57, 78, 81).

For instance, for the period Plaintiff worked for Better Business Services (*i.e.* from January 2001 until May 2001) Plaintiff only made $220 per month (10 hours per week multiplied by 4 weeks equals 40 hours per month, multiplied by $5.50 per hour equals $220 per month) (*see* Tr. 57). For the time period Plaintiff worked for what he described as a "small" company (*i.e.* from September 2001 until April 2002) Plaintiff made only $336 per month (16 hours per week multiplied by 4 weeks equals 64 hours per month, multiplied by $5.25 per hour equals $336 per month) (*see* Tr. 78, 81). For the time period that Plaintiff was employed as a tax clerk by both Better Business Services and by the "small" company (*i.e.* the job overlap period from January 2002 until March 2002), Plaintiff's combined earnings equaled only $556 per month ($220 plus $336 equals $556) (*see* Tr. 57, 78, 81).

9

Said amounts reveal that Plaintiff never attained the minimum earnings as a tax clerk to support a presumptive finding of substantial gainful activity.[4]

Courts that have examined this issue have uniformly held that to qualify as past relevant work, the work must have been substantial gainful activity. *See Vaughn v. Heckler*, 727 F.2d 1040, 1042 (11th Cir. 1984); *see also Lauer v. Bowen*, 818 F.2d 636, 639 (7th Cir. 1987); *Connolly v. Bowen*, No. 88-3116, 1989 WL 79726, *3 (4th Cir. 1989).[5] This follows because under the Act, "disability" is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d); *Childs v. Astrue*, No. 8:07-cv-299-T-TBM, 2008 WL 686160, *4 (M.D. Fla. Mar. 10, 2008). Pursuant to the Regulations, "substantial gainful activity" is "work activity that is both substantial and gainful." 20 C.F.R. §§ 404.1572; 416.972. "Substantial" work activity is "work activity that involves doing significant physical or mental activities" and "gainful" work activity is work activity done "for pay or profit." 20 C.F.R. §§ 404.1572; 416.972.

Since the record indicates Plaintiff's previous work as a tax clerk does not meet the Act's definition of "substantial gainful activity," the undersigned finds the ALJ erred by finding Plaintiff's "past relevant work" included the position of tax clerk. Consequently, the ALJ erred by finding, at the forth step of the sequential evaluation process, that Plaintiff was not disabled by virtue of being able to return to his "past relevant work" as a tax clerk.

---

[4]The undersigned notes that Plaintiff's earnings record (Tr. 43-44) also supports this conclusion because Plaintiff only earned $4559.39 for the entire year of 2001 and $768.75 for the entire year of 2002 (Tr. 44).

[5]Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Based on the foregoing the ALJ should have proceeded to the fifth step of the sequential evaluation process. *See Connolly*, 1989 WL 79726 at *3. Accordingly, the undersigned must remand to the Commissioner for further proceedings not inconsistent herewith.

## V. Conclusion

For the foregoing reasons, the undersigned finds the decision of the Commissioner is neither supported by substantial evidence, nor decided according to proper legal standards. Accordingly, the Commissioner's decision is hereby **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

Upon remand, the Commissioner shall re-evaluate Plaintiff in accordance with the applicable Regulations and prevailing case law. The additional proceedings, should include, but are not limited to: assessment of the severity of all of Plaintiff's medically determinable impairments and, in light thereof, re-assessment of Plaintiff's RFC; consideration of the opinions of Plaintiff's examining and non-examining medical sources (including Dr. Hertz's opinion that Plaintiff is moderately limited in his ability to understand and remember detailed instructions); proceed to the fifth step of the sequential evaluation process; and, if warranted, obtain additional vocational expert testimony.

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

## VI. Directions as to Judgment

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion and, thereafter, to close the file. The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filled within fourteen (14) days of the Commissioner's final decision to award benefits. *See* Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a); *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida this  23rd  day of February, 2009.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge