**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HAROLD R. WILES,

    Plaintiff,

v.                                                     CASE NO. 8:07-cv-1602-T-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**O R D E R**

This case is before the Court on Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") (Doc. #23). The petition requests an award of $2,148.34 in attorney fees sought by Plaintiff's counsel (Doc. #23 at 2).

Based upon the Motion and information contained within the record, the Court makes the following legal and factual findings:

    1.    Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees and had a net worth of less than $2,000,000.00 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(D); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(D)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such an increase is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, §§ 231-33 as codified in 28 U.S.C. § 2412(D)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $168.62 per hour for services provided in 2007, $168.77 per hour for services provided in 2008, and $166.93 per hour for services provided in 2009. The Court has determined that the preceding hourly rates are reasonable when factoring in the Consumer Price Index as

a guide for an attorney in Jacksonville, Florida, to be compensated under the EAJA.[1]

3.   The Court thus finds $2,148.34 ($168.62 x 1.75 hours = $295.09; $168.77 x 9.25 hours = $1,561.12; and $166.93 x 1.75 hours = $292.13) ($295.09 + $1,561.12 + $292.13 = $2,148.34) is a reasonable fee in this case.

4.   Plaintiff avers that pursuant to Local Rule 3.01(g) Defendant's counsel was contacted and stated that she did not know whether Defendant would object to the amount sought by Plaintiff's counsel as set forth in the Petition (Doc. #23 at 2). On June 6, 2009, the Defendant filed a response wherein it stated that it does not object to an attorney fee award of $2,111.64 (Doc. #26 at 2). Defendant does not otherwise argue that a different amount should be awarded (*see* Doc. #26).

5.   The Court does not find a significant difference between the amount requested by Plaintiff and the amount that is agreeable to Defendant (*i.e.* $36.70).

Accordingly, it is hereby **ORDERED**:

1.   Plaintiff's Uncontested Petition for Attorney Fees (Doc. #23) is **GRANTED**.

2.   The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,148.34 for attorney fees.

3.   The request that the Court direct the payment of the fees be made to Suzanne Harris, Esquire is **GRANTED**.[2]

---

[1] The Court arrived at its conclusions by visiting the following website: http://data.bls.gov/cgi-bin/cpicalc.pl (last visited June 9, 2009).

[2] Plaintiff assigned his EAJA fee award to his counsel (Doc. #23 at 7).

**DONE AND ORDERED** at Jacksonville, Florida this  10th  day of June, 2009.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge