UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAROLD R. WILES,

    Plaintiff,

v.                                         CASE NO. 8:07-cv-1602-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## O R D E R

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under Social Security Act, 42 U.S.C. 406(b) and Memorandum (Doc. #29, Motion). Plaintiff's counsel, Suzanne Harris, seeks an award under a contingency fee contract which provides for payment of attorney fees up to twenty-five percent of the past due benefits Plaintiff was awarded in this case (Doc. #29 at 2). In this instance, Plaintiff's counsel requests that the Court award her $8,925.00 in fees pursuant to 42 U.S.C. § 406(b), which is less than twenty-five percent of the Plaintiff's past due benefits (Doc. #29 at 3). At the time of filing, Plaintiff maintains Defendant did not yet know if it opposed Plaintiff's Motion (Doc. #29 at 12).

Defendant has filed a response but does not object to Plaintiff's Motion; instead, should Plaintiff's Motion be granted, Defendant requests this Court order Plaintiff's counsel to refund $2,148.32 in EAJA fees (Doc. #30 at 1-2).

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall

not exceed twenty-five percent of the past-due benefit awarded. Therefore, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (*quoting Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. *Id.*; *see Gisbrecht*, 535 U.S. at 808.

Further, an attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits). In this action, Plaintiff's counsel intends to refund Plaintiff the awarded EAJA fee in the amount of $2,148.34 (Doc. #29 at 3).

Having reviewed the record, the Court finds the requested fee to be reasonable. To illustrate, Plaintiff and his counsel agreed that attorney's fees would not exceed twenty-five percent of the past-due benefit awarded (Doc. #29-1). Plaintiff's counsel is seeking a total amount of $17,854.73, an amount that does not exceed twenty-five percent of the past-due

benefits awarded.[1] However, Plaintiff's counsel is seeking $8,929.73 of that amount in a separate proceeding with the Social Security Administration (Doc. #29 at 3). The amount sought by counsel in the instant motion for work in federal court is $8,925.00 (Doc. #29 at 3). Counsel spent 12.75 hours representing Plaintiff in federal court (Doc. #29 at 10), which equates to $700.00 per hour after reimbursement of the $8,925.00 Plaintiff's counsel seeks (Doc. #29 at 10-11). Plaintiff avers she has not charged an hourly rate in many years; however, other attorneys in her firm who possess similar levels of experience charge an hourly rate of $350.00 (Doc. #29 at 10). The Court has noted that $350 per hour constitutes a reasonable hourly rate for Social Security appeals within this district, and multipliers for the contingency fee nature of these cases range up to 2.5 times the normal rate. *See Jones v. Astrue*, 533 F. Supp. 2d 1206 (M.D. Fla. 2006). This sum is not so large as to result in a windfall for Plaintiff's counsel.

The Court's review of this case under the factors referenced in *Gisbrecht* reveals the following:

1. Social Security is one of the primary areas of counsel's law practice (Doc. #29 at 11).

2. Plaintiff's counsel represented Plaintiff at an initial hearing on February 2, 2006 and successfully appealed that decision before this Court. Plaintiff's counsel also represented Plaintiff at a hearing on October 2, 2009, resulting in a favorable decision awarding Plaintiff past benefits from July 7, 2004 (Doc. #29 at 7).

---

[1] Plaintiff's total back award is $71,418.92. Twenty-five percent of that amount is $17,854.73.

3.  The record available to the Court does not evidence any delays caused by Plaintiff's counsel.

4.  Counsel reportedly spent 12.75 hours working on the case (Doc. #29 at 10), an amount of time the Court finds reasonable based on the complexity of the case.

5.  Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.

6.  As stated above, counsel's proposed hourly rate of $350 for cases of a noncontingency nature is not unreasonably excessive. Courts have applied multipliers to the hourly rate ranging from nothing to 2.5, in order to account for the contingency nature of Social Security appeals. In this action, a multiplier of 2.5 to the hourly rate of $350 would result in a fee award for federal court representation of $700 per hour.

Based on the foregoing, it is hereby **ORDERED**:

1.  Plaintiff's Plaintiff's Motion for Attorney Fees Under Social Security Act, 42 U.S.C. 406(b) and Memorandum (Doc. # 29) is **GRANTED**.

2.  The Commissioner is directed to pay, from the past due benefits held in escrow in this case, $8,925.00 to Plaintiff's counsel in attorney fees for representation of Plaintiff before the Court.

3. Plaintiff's counsel shall refund EAJA fees to Plaintiff in the amount of $2,148.34.

4. The Clerk of Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of February, 2011.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge